JAMES, J.,
concurring in part and dissenting in part:
¶ 24. I agree with the majority in finding that Atkinson was without authority to reenter the leased premises and allow Butts to tow the vehicles in Crowell’s possession, as the handwritten lease agreement did not contain a forfeiture provision for nonpayment of rent. “Where there is a provision in the lease for forfeiture and re-entry for nonpayment of rent, such a *727 provision is valid and enforceable.” Clark v. Serv. Auto Co., 143 Miss. 602, 604, 108 So. 704, 706 (1926). However, I find that Crowell is entitled to immediate possession of the vehicles free of any lien, or he is entitled to receive the value of the vehicles. Therefore, I would reverse and remand as to the issue of replevin.
¶ 25. The majority asserts that a trial de novo is necessary to allow Butts an opportunity to present her case. I respectfully disagree. I do not find there to be unresolved issues as to who has the superior right to possession between Cro-well and Butts. Butts filed an answer to Crowell’s replevin complaint, and the only relief she requested was attorney’s fees. The majority states that “no determination has been made as to which parties’ rights are superior.” Maj. Op. at (¶ 15). However, during trial, Butts never alleged that she had a possessory right superior to that of Crowell due to unpaid towing and storage fees, nor has she raised that argument before this Court. Even if Butts had done so, she is precluded from collecting such fees because her removal of the vehicles was not in compliance with Mississippi Code Annotated section 85-7-251 (Rev. 2011), which governs the towing and storage of motor vehicles. The statute provides:
Towing and storage costs; notice and sale
(1) The owner of a motor vehicle that has been towed at his request or at the direction of a law enforcement officer, or towed upon request of a real property owner upon whose property a vehicle has been left without permission of the real property owner for more than five (5) days, shall be liable for the reasonable price of towing and storage of such vehicle; and the towing company to whom the price of such labor and storage costs may be due shall have the right to retain possession of such motor vehicle until the price is paid.
(2) Within twenty-four (24) hours, the towing company shall report to the local law enforcement agency having jurisdiction any vehicle that has been towed unless the vehicle was towed at the request of the owner of the vehicle. If the owner of a towed vehicle has not contacted the towing company within five (5) business days, of the initial tow, the towing company shall obtain from the appropriate authority the names and addresses of any owner and lienholder. If the information from the appropriate authority fails to disclose the owner or lienholder, a good faith effort shall be made by the towing company to locate ownership....
Miss.Code Ann. § 85-7-251(1), (2) (Rev. 2011).
¶ 26. Here, the true owners of the vehicles did not request that the vehicles be towed. The vehicles were not abandoned, nor did Butts receive any direction from a law enforcement officer to remove the vehicles. Further, Butts was not acting under authorization of a court order. Also, Atkinson did not have the authority to renter the property for nonpayment of rent. Butts did not make a good-faith effort to comply with the requirements of section 85-7-251, which precludes her from collecting any towing or storage charges. “The failure to make a good faith effort to comply with the requirements of this section shall preclude the imposition of any storage charges or towing charges against the towed vehicle.” Miss.Code Ann. § 85-7-251(3). The statute is clear that Butts has no possessory rights to the vehicles, nor does she have any rights to towing or storage fees due to her wrongful acts. Butts took an assumption of risk when she wrongfully removed the thirty-seven ■ unabandoned vehicles *728 from the premises after midnight without the direction of proper authority.
¶ 27. For these reasons, I feel that a trial de novo is unnecessary. However, remand is warranted to ensure that Cro-well receives immediate possession of the remaining vehicles free and clear of any hen. If Crowell is unable to regain possession of the remaining vehicles, he should receive the value of the vehicles for which either Atkinson or Butts should be jointly or severally liable,[3] as determined by the lower court.
' IRVING, P.J., AND BARNES, J., JOIN THIS OPINION.

. Black’s Law Dictionary defines joint and several liability in this context as “liability that an individual or business shares with [others] or bears individually without the others.” Black’s Law Dictionary 837 (6th ed.1990).